# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

|   |   |
|---|---|
| MICHAEL McDONALD, et. al., | CV-17-54-BU-BMM |
| Plaintiffs and Counter-Defendants, | |
| vs. | ORDER |
| MOUNTAIN WEST STEEL, LLC, | |
| Defendant and Counter-Claimant. | |

Plaintiffs/Counter-Defendants Michael McDonald, et. al. ("Plaintiffs") move this Court to dismiss the counterclaims (Doc. 3) of Defendant/Counter-Claimant Mountain West Steel, LLC ("Mountain West") with prejudice for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1. (Doc. 18.) Mountain West opposes this motion. (Doc. 18.)

Mountain West filed the following counterclaims against Plaintiffs on September 18, 2017: (1) slander/defamation; (2) tortious interference with business; (3) fraud/negligent representation; (4) unjust enrichment; (5) breach of contract; and (6) breach of the covenant of good faith and fair dealing. (Doc. 3.) Plaintiffs filed a Motion to Dismiss Mountain West's Counterclaims on March 12,

1

2018. (Doc. 18.) Mountain West did not respond to the motion. The Court ordered a telephonic status conference set for May 16, 2018, to discuss whether counsel for Mountain West intended to respond to the motion. The Court convened its telephonic status conference on May 16, 2018. Counsel for Mountain West failed to appear. Counsel for Mountain West has yet to file response briefs or communicate with the Court regarding the motion. For the following reasons, the Court will grant Plaintiffs' Motion to Dismiss.

## DISCUSSION

Failure to follow a district court's local rules provides adequate grounds for dismissal. *Stamey v. Ravalli County Commission*, No. 9:17-CV-87-DLC, 2017 WL 6040811, at *1 (D. Mont. Dec. 6, 2017) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Rule 7.1 states that responses to motions to dismiss must be filed within 21 days after the motion was filed. D. Mont. Loc. R. 7.1(d)(1). The moving party has the option to file a reply within 14 days after the filing of the response. *Id*. No further briefing will be permitted without prior leave and the motion is deemed ripe for ruling at the close of the time for response. *Id*.

The Plaintiffs filed their motion to dismiss on March 12, 2018. The period for Mountain West to respond lapsed on April 2, 2018. As noted above, counsel for Mountain West filed no further briefing. Counsel for Mountain West did not

seek an extension of time in which to file a brief. The Court deems the motion ripe for ruling as of April 2, 2018.

The Court must determine whether the following factors weigh in favor of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). An analysis of these five factors supports dismissal in this case.

The first two factors weigh heavily in favor of dismissal. First, dismissal of the counterclaims contributes to the expeditious resolution of this litigation and, second, facilitates the Court's need to manage its docket by freeing judicial resources. The Court already has spent considerable resources accommodating Mountain West.

On October 26, 2017, the Court ordered the parties to file a preliminary pretrial statement by November 22, 2017, in advance of the pretrial conference set for November 29, 2017. (Doc. 6.) Mountain West failed to submit a preliminary pretrial statement and moved to continue the pretrial conference. (Doc. 10.) The Court obliged and granted the motion. (Doc. 11.)

At the conference, counsel for Mountain West advised the Court that his preliminary pretrial statement would be filed by December 8, 2017. (Doc. 15.) Counsel failed to file the statement as stated. The Court ordered that the preliminary pretrial statement be filed by December 15, 2017, or show good cause as to why counsel had failed to file the statement. (Doc. 15.)

The third factor, risk of prejudice to the defendants, weighs in favor of dismissal. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)). Almost three months have lapsed since Plaintiffs filed their motion. Mountain West's failure to respond unreasonably delays the Plaintiffs' ability to gather the witnesses and evidence necessary to combat the counterclaims. This factor weighs in favor of dismissal.

Regarding the fourth factor, Mountain West's failure to respond admittedly limits the analysis of the merits of Mountain West's counterclaims. Mountain West failed to take advantage of multiple chances to file the brief in opposition of the Plaintiffs' motion. Mountain West has not filed a response or request an extension of time in which to respond.

The fifth factor also weighs in favor of dismissal. The Court finds no reason to extend Mountain West's deadline to respond. Mountain West already has been given ample time to file a response and an opportunity to communicate with this Court about the status of the response. Counsel for Mountain West failed to take advantage of this latitude. The Court declines to issue an extension *sua sponte*.

The Court finds that the five factors weigh in favor of dismissal for non-compliance with Local Rule 7.1(d) by failing to respond to Plaintiffs' Motion to Dismiss Defendant's Counterclaims. The counterclaims asserted by Mountain West appear to be fatally defective as a matter of law. The Court has reviewed Plaintiffs' Motion to Dismiss Defendant's Counterclaims and finds that it is thoroughly argued, based on well-established legal principles, and meritorious.

## ORDER

Accordingly, IT IS ORDERED that Plaintiffs' motion to dismiss with prejudice for failure to state a claim (Doc. 18) is GRANTED.

DATED this 7th day of June, 2018.

Brian Morris
United States District Court Judge