# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| MICHAEL McDONALD, et. al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MOUNTAIN WEST STEEL, LLC,<br><br>Defendant. | **CV-17-54-BU-BMM**<br><br>**ORDER** |

Plaintiffs filed their Motion for Partial Summary Judgment ("Motion") on September 17, 2018. (Doc. 22.) The Court was notified on the same day that Defense counsel Michael Horton had been suspended from the federal bar in July of 2018. Consequently, Defendant did not file a response to Plaintiffs' Motion.

The Court held a telephonic status conference with Plaintiffs' counsel on November 20, 2018. (Doc. 27.) The Court notified Plaintiffs' counsel that the Court would vacate the remaining deadlines set forth in the Scheduling Order. The Court further ordered Plaintiffs to serve Defendant's registered agent with the Motion for Partial Summary Judgment and supporting documents. The Court asked Plaintiffs to file a status report after having allowed Defendant reasonable time to respond to the motion.

1

Plaintiffs served their Motion and supporting documents on Defendant's registered agent on December 6, 2018. Defendant has failed to file a response to Plaintiffs' Motion. The time for Defendant to file a response has expired, and Plaintiffs' Motion is now ripe for review.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (*citing* Fed.R.Civ.P. 56(e)(1)-(4)).

If a party fails to respond to a motion for summary judgment, Rule 56 allows the district court to consider a fact as undisputed. *Id.* A party's mere failure to respond to a motion for summary judgment by itself, however, does not provide a district court with authority to grant the motion. *Winters v. Country Home Products, Inc.,* 654 F.Supp.2d 1173, 1179 (D. Mont. 2009). The district court is still obligated to evaluate the merits of the motion. *Id.*

The Court has provided Defendants with a reasonable opportunity to respond. Further, the Court has reviewed Plaintiffs' Motion on the merits. No genuine issue of material fact exists. Finally, Plaintiffs have shown that Mountain West Steel's failure to meet its obligations is a violation of ERISA § 515, 29 U.S.C. § 1145, and a breach of Labor and Trust Agreements as set forth in Plaintiffs' Complaint. (Doc. 1.)

Accordingly, it is **ORDERED**, Plaintiffs' Motion for Partial Summary Judgment (Doc. 22) is **GRANTED**.

DATED this 8th day of January 2019.

Brian Morris
United States District Court Judge